SCHELLENBERG v. DETROIT HEATING & LIGHTING CO.

1. Estates by Entireties—Fixtures.

Boilers sold to complainant's husband under contract retaining title in the vendor until paid for, and placed in houses owned by complainant and her husband in entirety, do not become fixtures, and may be replevied by the vendor upon refusal of the husband to pay for them.

2. Fixtures—Unity of Title.

To constitute a fixture, there must be not only annexation to the realty, but also a unity of title and ownership of the realty and the thing to be affixed.

3. Same—Intention—Removal Without Injury.

The fact that boilers sold to a husband, and put in the basements of houses owned by the husband and his wife by entireties, can be removed without material injury to the boilers or buildings, and that the vendor retained title until paid for, show an intention that the boilers shall remain personalty, which will prevent their becoming realty.

Appeal from Wayne; Donovan, J. Submitted December 13, 1901. (Docket No. 200.) Decided April 25, 1902.

Bill by Plum B. Schellenberg against the Detroit Heating & Lighting Company to enjoin the execution of a writ of replevin. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

*Franklin L. Lord*, for complainant.

*George W. Bates*, for defendant.

Long, J. The bill in this case was filed to enjoin the execution of a writ of replevin by which it was sought by the defendant to take and remove two steam boilers sold to Harry L. Schellenberg, the husband of complainant, on a title contract, and placed in the basements of two dwelling houses. These dwelling houses are owned by Harry

L. Schellenberg and his wife as by an estate in entirety, as husband and wife. It appears that the husband bought these boilers to put in the buildings for heating purposes, the defendant reserving the title to itself by the contract until the boilers were paid for. Payment being refused, replevin suits were brought for the two boilers against Schellenberg and his wife and the tenants in the buildings. On the trial of the replevin suits, the defendant in the present case had judgment against Schellenberg for the return of the property, the judgment not passing against the wife or the tenants. It is stated in the present bill that, when these boilers were sold to Harry L. Schellenberg, the defendant knew they were to be attached to the dwellings in a permanent way, and saw the plans of construction of said buildings, and of the heating apparatus to be placed therein; that the complainant believes the defendant will attempt to remove the boilers, and asks that it be enjoined from removing or attempting to remove the same.

The defendant demurred to the bill on the grounds:

1. That it does not show jurisdiction in a court of chancery.

2. That complainant has not by said bill stated a case which entitles her to the relief prayed.

3. That the bill does not show on its face that the complainant has any such interest in the subject-matter of the suit as entitles her to file it.

4. That the question as to whether the boilers can be treated as fixtures is a matter not within the jurisdiction of a court of chancery, and whether they can be taken on execution in replevin is a matter which can only be determined in a court at law.

5. That it appears by the bill that the constable is a necessary party, as it appears he was proceeding to take the boilers under process in his hands, and remove them from the buildings.

6. That it does not appear by the bill that the amount in controversy exceeds $100.

This demurrer was sustained in the court below, and the bill dismissed. Complainant appeals.

We think the court was not in error in sustaining this demurrer. The title of the real estate is in the husband and wife jointly, who hold it by the entirety. The boilers were purchased by the husband, and placed in the buildings, under a contract reserving title to the defendant company. The wife was not a party to this contract, and the boilers never became fixtures in the buildings. There was no unity of title in this property and the real estate. It does not matter that the bill alleges that the boilers became attached and became a part of the real estate. The statements in the bill are sufficient to show that they never attached to the real estate, and never became fixtures.

In *Adams* v. *Lee*, 31 Mich. 440, the title to the real estate was in one Kaufman. Machinery was put into the building on the real estate. There was no unity of title and ownership of the land and the machinery. Referring to the want of unity of title as affecting the question of fixtures, it was said:

"To constitute a fixture, there must not only be physical annexation in some form to the realty, but there must be unity of title, so that a conveyance of the realty would, of necessity, convey the fixture also. When the ownership of the land is in one person, and of the thing affixed to it is in another, and in its nature is capable of severance without injury to the former, the latter cannot, in contemplation of law, become a part of the former, but must necessarily remain distinct property, to be used and dealt with as personal estate only. And the fact that the owner of the thing affixed to the freehold has also an undivided interest in the latter cannot render the former a fixture when the interests are different in extent. A thing cannot, as to an undivided interest therein, be real estate, and, as to another undivided interest, be personalty. It must be the one thing or the other."

See, also, upon this question: *Robertson* v. *Corsett*, 39 Mich. 777; *Scudder* v. *Anderson*, 54 Mich. 122 (19 N. W. 775); *Kerr* v. *Kingsbury*, 39 Mich. 150 (33 Am. Rep. 362); *Lansing Iron & Engine Works* v. *Walker*, 91 Mich. 409 (51 N. W. 1061, 30 Am. St. Rep. 488);

*Lansing Iron & Engine Works* v. *Wilbur,* 111 Mich. 413 (69 N. W. 667).

It is also quite apparent from the statements in the bill that these boilers put in the basements for heating purposes could be detached from the buildings without material injury to the boilers or the buildings; but, in addition to this, they were sold to the husband, the defendant reserving title to itself. These circumstances show that it was the intention of the parties that the boilers were to remain personalty, and not to become, by annexation, a part of the realty. *Robertson* v. *Corsett,* 39 Mich. 777. It was said in *Manwaring* v. *Jenison,* 61 Mich. 117 (27 N. W. 903):

" The permanency of the attachment, and its character in law, do not depend so much upon the degree of physical force with which the thing is attached, or the manner and means of its attachment, as upon the motives and intention of the party in attaching it. If the intention is that the articles attached shall not by annexation become a part of the freehold, as a general rule they will not. The exception is where the subject or mode of annexation is such as that the attributes of personal property cannot be predicated of the thing in controversy; as when the property cannot be removed without practically destroying it, or when it, or part of it, is essential to the support of that to which it is attached."

The bill does not exhibit such a state of affairs.

We think no other questions in this case need be discussed. A judgment for the return of the property has been awarded to the defendant. Simply because the complainant is an owner by the entirety of the real estate would give her no interest in the retention of the property placed thereon which would entitle her to defeat the defendant's possession.

The order sustaining the demurrer must be affirmed, with costs.

The other Justices concurred.