[Hanchey v. Southern Home Building & Loan Association.]

# Hanchey *v.* Southern Home Building & Loan Association.

### *Bill in Equity to rescind Contract and to cancel Mortgage.*

1. *Foreign building and loan association; contracts void unless company has complied with statute authorizing foreign corporations to do business in this State.*—Where a foreign building and loan association organized under the laws of another State has not complied with the law in this State, requiring foreign corporations doing business here to file with the Secretary of State a statement in writing, giving the name of one of its agents and one known place of business, etc., all business done by said company within this State is void, and, therefore, a bond evidencing a loan by said company and a mortgage given to secure the same, are void and unenforceable.

2. *Same; when borrower entitled to rescission of contract.* Where a bond and mortgage given to a foreign building and loan association are void for the reason that said association did not comply with the statutes authorizing foreign corporations to do business in Alabama, the borrower from ·such association, upon paying back to ·it the principal of the debt, together with legal interest, is entitled to have such bond rescinded and the mortgage cancelled.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. WILLAM L. PARKS.

The bill in this case was filed by the appellant, W. E. Hanchey, against the Southern Home Building & Loan Association.

The complainant was a borrowing member of the respondent association, and filed his bill for the purpose of having the contract under which he had borrowed the money, rescinded, and the mortgage securing the said contract cancelled. Among other things, it was averred that the respondent company was a foreign corporation organized under the laws of the State of Geor-

gia, and had its principal place of business in Atlanta, Ga., and that said respondent association made the alleged loan and took a loan bond and mortgage within this State without having complied with the statute authorizing foreign corporations to do business in this State. The averments of the bill in this respect are sufficiently stated in the opinion.

The bill contains an offer on the part of the complainant to pay back to the respondent the debt, with legal interest, if any part thereof is ascertained to be due.

Under the opinion on the present appeal it is unnecessary to set out at length the averments of the bill.

The respondent interposed demurrers to the bill, and also moved to dismiss the bill for the want of equity.

On the submission of the cause the chancellor rendered a decree granting the motion to dismiss the bill for the want of equity and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

GUNTER & GUNTER and M. N. CARLISLE, for appellant.

CABANISS & WEAKLEY and E. R. BRANNEN, for appellee.

SHARPE, J.—In the bill it is alleged that the defendant is a foreign corporation and that it made the alleged loan and took the alleged bond and mortgage within this State and "without complying with the law of said State requiring foreign corporations doing business therein to file with the Secretary of State, at Montgomery, Alabama, a statement in writing giving the name of one agent and one known place of business." This allegation taken as true shows a failure on defendant's part to do that which under the statute (Code, § 1386) was made a condition to its right to do business here, and consequently that the bond and mortgage are void. This conclusion is in accordance with the decision in *Chattanooga B. & L. Association v. Denson,* 189 U. S. 410, which was based on the statute referred to

together with decisions of this court rendered in *Farrior v. New Eng. Mort. Sec. Co.*, 88 Ala. 275; *New Eng. Mort. Sec. Co., v. Ingram*, 91 Ala. 337; *Nelms v. Edinburg American Land Mort. Co.*, 92 Ala. 157, and *Sullivan v. Sullivan Timber Co.*, 103 Ala. 371. In *Eslava v. New York B. & L. Association*, 121 Ala. 480, a like question was mentioned but not determined.

If the bond and mortgage are void for the reason mentioned, the defendant is not bound by their stipulations and is entitled to have them cancelled, if, as averred in the bill, "he has paid back to said corporation the principal of the debt together with legal interest;" the obligation to restore the money borrowed with interest being imposed upon him, not by contract, but by the principle which requires one seeking relief in equity to himself do equity.—*New Eng. Mort. Co. v. Powell*, 97 Ala. 483. See also *Luffboro v. Foster*, 92 Ala. 477. Whether the bill was subject to demurrer is not now to be determined. The motion to dismiss for want of equity should have been overruled.

To consider the bill's averments of fraud and usury would be superfluous. Assuming that for the cause shown in the first mentioned averment, the attempt to contract was futile, it matters not what means were employed in that attempt. Questions of fraud and usury like those herein presented were considered in *Bell v. Southern Home B. & L. Association*, which case was submitted with this and decided at present term.—*infra*.

Decree reversed and cause remanded.