### ILLINOIS PARLOR FRAME CO. v. GOLDMAN.

### In re NATIONAL UPHOLSTERING CO.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1919.)

### No. 2669.

BANKRUPTCY &=165(3)—PREFERENCE—TRANSFER FOR PRESENT CONSIDERATION.
Where one, fraudulently induced to sell goods on credit, accepted from the buyer, within four months preceding a petition in bankruptcy against the buyer, a transfer of accounts in payment for the goods, the transfer was made in consideration of release of right to rescind and recover the goods, and was not a preference.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Jacob Goldman, as trustee in bankruptcy of the National Upholstering Company, against the Illinois Parlor Frame Company, to recover payments claimed as preferences. Decree for complainant, and defendant appeals. Reversed and remanded, with direction to reduce the amount by allowing credit for certain items.

Samuel B. King, of Chicago, Ill., for appellant.

Joseph Kamfner, of Chicago, Ill., for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. While appellant gave bankrupt a line of credit to the amount of $1,000, it was induced to increase this subsequently to April 1, 1916, by certain material false and fraudulent representations of the bankrupt's manager, so that on June 9, 1916, the indebtedness amounted to $5,795.70. On that day, after discovery of the fraud, accounts aggregating in face value over $4,000 were transferred to appellant and were entered on the books as a cash credit. Thereafter additional accounts were transferred, certain goods were returned and credited at a fixed valuation, and certain additional goods were delivered to the bankrupt. Petition in bankruptcy was filed October 4, 1916.

On suit by the trustee in bankruptcy to recover preferences, the court, confirming the master's report, entered a money decree for the face value of the accounts and the fixed value of the returned goods, less the price of the goods sold to the bankrupt after June 9th.

1. Without detailing the evidence, in our judgment, it fully supports the findings of insolvency, preference, and appellant's knowledge thereof on June 9th.

2. Evidence of the goods sold to the bankrupt after April 1st and on hand June 9th was rejected by the master as immaterial, on the theory that taking payment or security on account of the entire debt was a confirmation, not a repudiation, of the earlier sales, and that, in that aspect, the payment must be deemed to have been made on an antecedent debt.

But on June 9th appellant concededly had a right to rescind the fraudulent sales and to recover back such of the goods as were then in the bankrupt's possession. Clearly a return of these goods would not be a preference; to the extent of their value, payment could no more effectuate a preference; neither transaction would diminish the estate to which bankrupt was then entitled. That appellant did not expressly assert a right of rescission is immaterial; it relinquished that right in confirming the sale; it then gave up a property interest equal to the value of the goods then on hand. To that extent the transfer was for a present consideration, and not preferential.

While the master has reported the evidence offered by appellant as to the goods then on hand, inasmuch as appellee has had no opportunity to controvert it, the decree will be reversed, and the cause remanded, with direction to reduce the amount of the decree against appellant by such sum as may be found to be the value of the goods sold subsequent to April 1, 1916, and on hand June 9, 1916, with interest thereon, and to permit appellant to file a claim as a general creditor for so much as may be found to be preferential.