HALLET & DAVIS PIANO CO. *v.* DROSTE.

1. EVIDENCE—COMMON LAW—PUBLIC DOCUMENTS—CERTIFICATE OF CUSTODIAN.

At common law a custodian of documents lacked authority to certify that specific documents did not exist in his office.

2. SAME—UNCERTIFIED LETTER—ADMISSIBILITY.

A letter from the secretary of State to defendant's attorney stating that there was no record in his office of plaintiff, a foreign corporation, having been admitted to do business in Michigan, was properly excluded, not being certified as required by 3 Comp. Laws 1915, § 12510.

3. CORPORATIONS — FOREIGN CORPORATIONS — RIGHT TO MAINTAIN REPLEVIN.

It is no defense to an action of replevin to show that plaintiff is a foreign corporation doing business within the State without a certificate of authority as required by 2 Comp. Laws 1915, § 9063 *et seq.*

4. NEW TRIAL—PROOFS—FAILURE OF ADMISSION—SURPRISE.

In the absence of an agreement, it is no ground for a new trial for counsel to rely upon a hoped-for admission of opposing counsel, and, when such hope is not realized, to fail in his proof and claim surprise.

Case-made from Wayne; Dingeman (Harry J.), J. Submitted January 4, 1921. (Docket No. 27.) Decided March 30, 1921.

Replevin by the Hallet & Davis Piano Company against William A. Droste for the possession of a piano. Judgment for plaintiff on a directed verdict. Defendant appeals. Affirmed.

*Frank E. Whipple,* for appellant.

*Frank Lawhead,* for appellee.

WIEST, J.   This is an action of replevin, brought
by plaintiff as assignee of George Woodruff, to re-
cover possession of a piano purchased by defendant
from Mr. Woodruff, to be paid for in installments un-
der a title retaining contract, and upon which the total
purchase price had become due and in default.   The
defendant gave notice under the plea of the general
issue that the plaintiff, a foreign corporation, had not
obtained a certificate of authority to carry on its busi-
ness in this State as required by 2 Comp. Laws 1915,
§ 9063 *et seq.*   Plaintiff denied carrying on its busi-
ness in this State without authority.   At the trial the
defendant, to support his plea and notice, offered in
evidence a carbon copy of a letter written by his attor-
ney to the secretary of State and a letter purporting
to be a reply thereto from the office of the secretary
of State written by an assistant, and reading as fol-
lows:

"STATE OF MICHIGAN
(Printed Seal),

"Coleman C. Vaughan,          Frank D. Fitzgerald,
  "Secretary of State.            Deputy Secretary.

"DEPARTMENT OF STATE,
"LANSING, June 12, 1919.

"Mr. FRANK E. WHIPPLE,
  "311 Majestic Bldg.,
  "Detroit, Mich.
  "*Dear Sir:*—In reply to your inquiry of June 9th,
we beg to advise that we have no record of the Hallet
and Davis Piano Company, a foreign corporation, hav-
ing been admitted to do business in Michigan.

"Respectfully,
"COLEMAN C. VAUGHAN,
"Secretary of State."

Upon objection to such letter the court excluded it.
Defendant offering no further proof, verdict was di-
rected in favor of the plaintiff.   The defendant there-
upon moved for a new trial on the grounds that the
court erred in excluding the letter and that counsel

for defendant was taken by surprise when counsel for plaintiff did not admit that plaintiff had not obtained a certificate of authority. The court denied the motion. In this court defendant assigns error upon the refusal of the trial court to admit the letter in evidence and in not permitting the jury to pass upon the truth or falsity of the letter and in not granting a new trial on the ground of surprise. The authenticity of the letter from the office of the secretary of State may be admitted; the letter itself, however, was clearly inadmissible as evidence of the statements therein made. At common law a custodian of documents lacked authority to certify that specific documents did not exist in his office. 3 Wigmore on Evidence, § 1678. This rule of exclusion and the necessity of calling the custodian as a witness evidently gave rise to the statute, 3 Comp. Laws 1915, § 12510, which provides:

"Whenever any officer to whom the legal custody of any paper, document or record shall belong, shall certify that he has made diligent examination in his office for such paper, document or record, and that it cannot be found, such certificate shall be presumptive evidence of the facts so certified, in all causes, matters and proceedings in the same manner and with a like effect as if such officer had personally testified to the same in the court, or before the officer before whom such cause, matter or proceeding may be pending."

The trial court was right in excluding the letter. The case was tried in the circuit court before the opinion of this court was rendered in *Rex Beach Pictures Co.* v. *Garson Productions,* 209 Mich. 692, in which we held that it is no defense to an action of replevin to show that plaintiff is a foreign corporation doing business within the State without having received authority to do so. The excluded evidence, therefore, would have availed appellant nothing.

In the absence of an agreement, it is no ground for a new trial for counsel to rely upon a hoped-for admis-

sion of opposing counsel, and when such hope is not realized to fail in his proof and claim surprise.

We find no error in the record and the judgment is affirmed, with costs to appellee.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.