## In re ROSENBLOOM.

### Petition of CONSOLIDATED RUBBER CO.

(District Court, E. D. Michigan, S. D. April 14, 1922.)

No. 4556.

1. **Bankruptcy ⬤140(3)—No absolute sale, when goods to be resold and proceeds to be remitted, less commission.**

    Where the bankrupt was to sell goods shipped him by the claimant at a price fixed by the claimant, collect the money, and remit the price, less a commission of 12½ per cent. and these provisions were carried out there was no absolute sale to the bankrupt.

2. **Bankruptcy ⬤228—Referee's finding not disturbed, unless without basis or contrary to evidence.**

    A finding of fact by a referee in bankruptcy, after personal observation of the witnesses, will not be disturbed, unless without basis in the record, or clearly contrary to the evidence.

3. **Bankruptcy ⬤163—Settlement between bankrupt and party sending it goods for resale held not a "voidable preference."**

    Whether an agreement, made more than four months before bankruptcy, by which goods were sent to the bankrupt for sale and payment of the proceeds, less a commission, to the claimant, was one of absolute sale, with attempted retention of title, a contract of conditional sale, or a pure agency agreement, where the parties before bankruptcy made a settlement under which goods were stored by the bankrupt for the claimant, such agreement was supported by a present consideration, and not a voidable preference, under Bankruptcy Act, § 47a(2), being Comp. St. § 9631.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Voidable.]

4. **Corporations ⬤661(6)—Foreign corporation, doing business through agent without obtaining license, not thereby deprived of right to recover goods.**

    A foreign corporation selling goods in Michigan through an agent without obtaining a license, under Pub. Acts Mich. 1915, No. 64, is not thereby deprived of its right to recover goods in the agent's possession on his bankruptcy, under Michigan decisions as to the rights of such a corporation.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of Morris A. Rosenbloom, doing business as the Rosenbloom Leather Company, bankrupt. On review of an order of the referee denying the petition of the Consolidated Rubber Company, seeking to reclaim certain merchandise. Order set aside, and petition granted.

Willis, Streeter, Murphy & Berns, of Detroit, Mich., for petitioner.
Anderson, Wilcox, Lacy & Lawson, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy, denying a previous petition of the Consolidated Rubber Company, petitioner herein, seeking to reclaim from the trustee in bankruptcy certain merchandise in the physical possession of the bankrupt at the time of the filing of the involuntary petition in bankruptcy herein. From the record before me, and from the findings of the referee, I am satisfied, and I find, that the material facts are as follows:

More than four months prior to the filing of the bankruptcy petition, the petitioner in the reclamation petition here involved (an Ohio corporation, located in that state and there engaged in manufacturing rubber heels and other rubber goods, and not at any time authorized to do business in Michigan) entered into a verbal arrangement with the bankrupt (a resident of Michigan, and there engaged in the retail sale of shoes and rubber heels), under which arrangement petitioner shipped to the bankrupt from time to time, and up to and within four months prior to the filing of the aforesaid bankruptcy petition, rubber heels, which were to be sold by the bankrupt in the regular course of his retail trade. The shipments referred to were accompanied by invoices showing the quantity and kind of merchandise shipped, which invoices contained also the words, "Sold to Rosenbloom Bros., Detroit, Mich.," underneath which language were the words, "Terms, consigned." No other terms or conditions were referred to in such invoices. It appears from the brief of the trustee, and is not disputed, that the invoices furnished by petitioner to the bankrupt, and used by the latter in billing this merchandise to his customers, contained the words "M. A. Rosenbloom, District Manager and Distributor for Michigan."

The bankrupt testified, without contradiction, that the rubber heels involved belonged to the petitioner, and never to the bankrupt; that such merchandise was billed to him on consignment; that in taking orders for such merchandise he used an order book furnished him by the petitioner; that all of the money collected by him from the sale of such merchandise was turned over to the petitioner; that he (the bankrupt) kept records of the accounts due petitioner on such sales, and of commissions due him from the petitioner; that such accounts were turned over to the petitioner; that while he and the petitioner were doing business the latter furnished to him a truck, which he was allowed to use in delivering his own goods as well as those of the petitioner; that shortly, and within four months, prior to bankruptcy he ceased selling the product of the petitioner, and had a final accounting and settlement with the petitioner, and it was agreed between them that the rubber heels which then remained on the premises of the bankrupt should be

stored there by the bankrupt for the petitioner. These are the heels involved herein.

[1] The referee, who had the benefit, not available to me, of hearing this testimony and judging the credibility and weight to be given thereto, evidently believed it, as he made the following finding in his return:

"The bankrupt was to sell the goods when and where he could, at a price fixed by the Consolidated Rubber Company, collect the money, and remit the price, less his compensation, which was fixed as a commission of 12½ per cent. These provisions were strictly carried out. It is also true that, some few weeks before bankruptcy, the petitioner and bankrupt had a final accounting and his employment ceased. There was no money to be collected, no sales were made, and the goods, under agreement, were to be transferred to such person or persons as the Consolidated Rubber Company might designate."

This, of course, is a distinct finding that the transaction in question was not an absolute sale to the bankrupt.

[2] It is a familiar rule that a finding of fact made by a referee after personal observation of the witnesses will not be disturbed, unless shown to be without any basis in the record or clearly contrary to the evidence. My examination of this record satisfies me that there was sufficient evidence to warrant the findings of fact of the referee, and I adopt such findings, including that just quoted. This disposes of any argument or theory that the title to these goods passed absolutely from the petitioner to the bankrupt.

The referee, as already stated, denied the reclamation petition, holding that, according to petitioner's own contention, this transaction was a conditional sale to the bankrupt, for resale by him, and therefore void, as regards the reservation of title, because not filed for public record, as required by Act 64 of the Michigan Public Acts of 1915, and that, if such agreement created an agency in the bankrupt to sell such property for petitioner, the latter would be barred from recovery by reason of its failure to obtain a license to do business in Michigan, as required by the Michigan statute invalidating the contracts of foreign corporations violating such statute in this respect.

[3] In view of the considerations hereinafter pointed out, it becomes unnecessary to determine whether the agreement involved was one of absolute sale with an attempted retention of title, operating as a chattel mortgage lien, in the petitioner, a contract of conditional sale, with title remaining in the petitioner until resale by the bankrupt, or an arrangement of pure agency. As this agreement, valid between the parties thereto and based upon a present consideration, was mutually settled and rescinded by such parties before the filing of the petition in bankruptcy, that settlement, by which the petitioner received and accepted his own property, was also for a present consideration. The trustee, although now having the status of a creditor, armed with the rights conferred upon him by section 47a (2) of the Bankruptcy Act (Comp. St. § 9631), did not acquire such status until the filing of said bankruptcy petition, and only as of that time. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 276. The effect of the settlement mentioned was to release both the petitioner and the

bankrupt from their respective obligations under such agreement, and to restore them to the positions occupied by them before the making thereof. After such settlement, therefore, if not before, the title to this merchandise was vested in the petitioner.

It cannot be successfully contended that the result of this settlement was to effect a voidable preference in favor of the petitioner. The contract under which the goods were delivered to the bankrupt having been made prior to the statutory four months period before bankruptcy, for a present consideration, and the rights of the parties with respect thereto being valid and enforceable as between them, the surrender of possession of this property was merely a delivery thereof to its owner, to which the latter was entitled, and was not a transfer by the bankrupt of his property to one of his creditors, and hence such transfer did not constitute a preference. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; In re East End Mantel & Tile Co. (D. C.) 202 Fed. 275; Sieg v. Greene (C. C. A. 8) 225 Fed. 955, 141 C. C. A. 79, Ann. Cas. 1917C, 1006; Robinson v. Roe (C. C. A. 2) 233 Fed. 936, 147 C. C. A. 610; Stennick v. Jones (C. C. A. 9) 252 Fed. 345, 164 C. C. A. 269; Illinois Parlor Frame Co. v. Goldman (C. C. A. 7) 257 Fed. 300, 168 C. C. A. 384; Britton v. Union Investment Co. (C. C. A. 8) 262 Fed. 111.

[4] The referee was clearly in error in holding that, if the relation between the parties should be treated as that of principal and agent, and not of vendor and vendee, petitioner would be deprived of the right to recover herein by its failure (as a foreign corporation) to comply with the statute of Michigan requiring such corporation to obtain a license to do business in this state, and making void all contracts entered into by any such corporation so in default. It is the settled rule of the Michigan Supreme Court, by which, of course, this court is here bound, that a foreign corporation, which has not obtained the necessary license to do business in Michigan, does not thereby lose the right to protect and recover its property from loss or injury, where such right does not depend upon a contract made in violation of this statute, but arises irrespective and regardless of any contractual rights, and that under such circumstances it does not forfeit such property, but may recover possession thereof, if otherwise entitled thereto, in a proper tort action, such as replevin. Rex Beach Pictures Co. v. Garson Productions, 209 Mich. 692, 177 N. W. 254; Klatt v. Wayne Circuit Judge, 212 Mich. 590, 180 N. W. 625; Hallet & Davis Piano Co. v. Droste, 213 Mich. 383, 182 N. W. 123.

It does not appear, and is not claimed, that any fraud was intended or was present in connection with the making of either the original agreement, the performance thereof, or the settlement thereunder, and no questions arising from any such contention are involved or have been considered.

It results that the order of the referee, complained of, must be set aside, and an order entered granting the petition, in conformity to the terms of this opinion.