MOJONNIER BROTHERS CO. v. DETROIT MILLING CO.

1. CORPORATIONS—FOREIGN CORPORATION MAY MAINTAIN REPLEVIN ALTHOUGH NOT AUTHORIZED TO DO BUSINESS IN STATE.

Although it be conceded that the contract under which a foreign corporation sold and installed certain machinery is void because it had no authority to do business within the State, it may maintain replevin to recover its property, title to which was reserved till paid for, where the buyer has no intention of paying the balance due.[1]

2. APPEAL AND ERROR—FINDING OF COURT CONCLUSIVE IN ABSENCE OF EXCEPTIONS.

The trial court's finding that demand for possession was made and refused before suit was brought is conclusive, where supported by evidence, and where no exceptions were filed thereto that it was against the clear weight of the evidence.[2]

Error to Lenawee; Hart (Burton L.), J. Submitted October 14, 1925. (Docket No. 81.) Decided December 22, 1925.

[1]Corporations, 14a C. J. § 4015; [2]Appeal and Error, 3 C. J. § 825; 4 C. J. § 2853.

Replevin by Mojonnier Brothers Company against the Detroit Milling Company for the possession of certain machinery. Judgment for plaintiff. Defendant brings error. Affirmed.

*Barbour & Martin* and *James H. Baker,* for appellant.

*Herbert R. Clark,* for appellee.

MCDONALD, C. J. The plaintiff is an Illinois corporation and is not authorized to do business in this State. The defendant is a Michigan corporation having its principal office in the city of Detroit. On November 24, 1922, the parties entered into a written contract for the sale and installation by the plaintiff of certain machinery and equipment which when installed would constitute a complete unit for handling and condensing milk. The contract price was $10,107, of which $2,107 was paid in cash, and notes given for the balance. On January 10, 1923, a supplementary contract was made, which modified the original contract only as to the installation and as to the time and method of payment. The original contract contained the following clause:

"All property rights in the equipment herein specified, shall remain in the seller until paid for in full."

The machinery was installed in the defendant's plant at Adrian, Michigan. The defendant defaulted in the payment of its notes and after demand this action in replevin was begun to recover possession of the property. The cause was tried by the court without a jury. Written findings of fact and law were filed to which the defendant duly excepted. Judgment was entered for the plaintiff for six cents damages and possession of the property. The defendant brings error.

It is first contended that this action cannot be main-

tained because the business was intrastate commerce, and the plaintiff was a foreign corporation not authorized to transact such business within this State. We think that the circuit judge rightly held that the transaction was one of interstate commerce, but it is not necessary to discuss that question. This is not an action on the contract. It is an action to recover possession of property belonging to the plaintiff. If it be conceded that the contract is void because the plaintiff had no authority to do business within this State, it does not follow that it must forfeit its property to the defendant.

" 'While the law will not enforce the prohibited contract, it will take notice of the circumstances, and if justice and equity require a restoration of money or property, received by either party thereunder, it will give, and in many cases has given relief.' 2 Elliott on Contracts, § 665." *Rex Beach Pictures Co.* v. *Garson Productions,* 209 Mich. 692.

The justice of the rule is well illustrated by the circumstances of the instant case. The defendant has had the use of this machinery for two years, for which it has paid only approximately one-third of the purchase price. Its plant has been closed and it has no intention of paying the balance due, which at the time of the trial amounted to $6,962.24. In view of these facts justice and equity require a restoration of the plaintiff's property. And this may be accomplished in an action of replevin under authority of *Rex Beach Pictures Co.* v. *Garson Productions, supra.*

It is further contended that the action of replevin cannot be maintained because no proper demand was made for possession of the property before instituting the suit. In his findings of fact the court said: "Demand for possession was made before suit and refused." No exceptions were filed to this finding that it was against the clear weight of the evidence. As

there was evidence to support it we may regard the finding as conclusive. No other questions presented by the assignments of error are discussed in defendant's brief.

The judgment is affirmed, with costs to the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.