LU-MI-NUS SIGNS CO. *v.* REGENT THEATRE CO.

1. CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO MAINTAIN TORT ACTION.

    Foreign corporation may maintain tort action for recovery of property or its value notwithstanding it was not licensed to do business in Michigan under 3 Comp. Laws 1915, § 12370.

2. CONVERSION—TITLE-RETAINING CONTRACTS—CHARACTER OF PROPERTY.

    In action to recover value of electric sign erected on outside of theatre building under title-retaining contract, finding of trial court that sign retained its character of personal property and that it did not become part of the realty, *held,* justified by the evidence.

3. SAME—PASSING TITLE UNDER FORFEITURE OF LEASE.

    An expensive electric sign erected by plaintiff for lessee of theatre building under title-retaining contract, which was not paid for, did not attach to realty so as to pass to owner of building on forfeiture of lease, notwithstanding lease, of which plaintiff had no knowledge, provided that in event of forfeiture all signs of every kind upon and about premises should be retained by owner.

4. DAMAGES—MEASURE OF DAMAGES—INSTRUCTIONS.
In action to recover value of electric sign erected on building under title-retaining contract, after demand for balance due or possession of sign had been refused, trial court properly instructed jury, as to measure of damages, that value of sign is to be determined by its fair cash value after being taken from building, and not by its value as annexed thereto.

Error to Wayne; White (Charles E.), J., presiding. Submitted April 22, 1930. (Docket No. 102, Calendar No. 34,875.) Decided June 2, 1930. Rehearing denied October 3, 1930.

Trover by Lu-Mi-Nus Signs Company, Inc., a foreign corporation, against Regent Theatre Company, a Michigan corporation, and others, for conversion of an electric sign. From a judgment for plaintiff, defendant theatre company brings error. Affirmed.

*Morse & Goldstick,* for plaintiff.

*Wurzer & Wurzer (John T. Higgins,* of counsel), for defendant theatre company.

SHARPE, J. On August 25, 1917, the defendant company leased its theatre building in Detroit to the Miles-Regent Company for a term expiring on August 31, 1932. Later, the London Operating Company acquired all of the stock of the Miles-Regent Company, and continued to operate the theatre under the lease. On March 21, 1927, the plaintiff, an Illinois corporation, entered into certain contracts with the operating company for the erection of a large sign on the front of the theatre. The purchase price was $13,000. Title was reserved in plaintiff until the sign was fully paid for. The work was completed about June 1st of that year. There being default in the payment of rent, the defendant company, after proceedings taken therefor, was awarded

a writ of restitution on December 8, 1927. The plaintiff thereupon demanded either the payment of the sums yet due on the contracts or possession of the sign. Negotiations to that end proving unsuccessful, plaintiff began this action to recover for its conversion. The trial court directed the jury to find for plaintiff, and instructed them as to the measure of damages to which it was entitled. They rendered a verdict for $10,395, on which judgment was entered. Defendant seeks review by writ of error.

At the conclusion of the proofs, both parties moved for a directed verdict, the plaintiff, however, conceding that the measure of its damages should be submitted to the jury. Defendant's counsel insisted that the plaintiff, a foreign corporation, not licensed to do business in Michigan, could not maintain this action; that the sign as installed became a part of the realty, and that, under the terms of its lease to the Miles-Regent Company, the title to the sign passed to it.

There appears to have been no suggestion that, except as to the measure of damages, there was a question of fact to submit to the jury. The trial court, after deciding the legal defenses against the contention of the defendant, submitted the question of damages to the jury, with the result above stated.

1. Defendant insists that plaintiff "may not maintain this action by reason of 3 Comp. Laws 1915, § 12370." This court has so recently held that an action in tort for the recovery of property, or its value, will lie, notwithstanding this statutory provision, that further consideration or discussion seems unnecessary. *Rex Beach Co.* v. *Garson Productions,* 209 Mich. 692; *Hallet & Davis Piano Co.* v. *Droste,* 213 Mich. 381; *Mojonnier Brothers Co.* v. *Milling Co.,* 233 Mich. 312.

2. It is insisted that the sign was so annexed to the realty that it became a part thereof, and that trover will not lie therefor. In disposing of this question on defendant's motion for a new trial, the court said:

"In my judgment, this position is not tenable, for the reason that the evidence clearly shows that the sign could be removed, without any substantial damage or injury to the building, and it was the intention of the parties that said sign should remain personal property until it was paid for."

It clearly appears that, by agreement between the operating company and the plaintiff, the sign was to retain its character as a chattel until paid for. The title-retaining contracts can receive no other construction, and, had the operating company been the owner of the building, no such question could arise. The sign in question was attached to the outside of the building. Plaintiff's witness, Bellows, who had been engaged in the installation of such signs for several years, stated that such signs were always considered as personal property, and that, on sales made by him under title-retaining contracts, he had the right to remove them, and sometimes had done so. The character of such property was discussed at some length in *Schellenberg* v. *Detroit Heating & Lighting Co.*, 130 Mich. 439 (97 Am. St. Rep. 489, 57 L. R. A. 632), and in *Woodliff* v. *Building & Realty Co.*, 240 Mich. 413, and the finding that the sign did not become a part of the real estate to which it was attached was justified by these holdings.

3. Under the terms of its lease to the Miles-Regent Co., it was agreed that, in the event of forfeiture, all "furniture and fixtures and signs of

every kind upon and about said demised premises''
should be retained by the defendant as its property.
William F. Klatt, defendant's president and the
owner of about 90 per cent. of its stock, knew that
this sign was being installed by the plaintiff. While
he and plaintiff's Michigan manager, Alfred M.
Miltenberg, differ as to what was said at their con-
ferences relative thereto, in view of the character of
the sign and the large expense involved in its manu-
facture and installation, which could but have been
apparent to Mr. Klatt, it should not be held that
title thereto passed to the defendant under the lease,
of which plaintiff had no knowledge, as against
plaintiff's rights under its title-retaining contracts.

4. On the measure of damages the court instructed
the jury:

''In other words, as I have explained to you in the
requests of both counsel for the plaintiff and defend-
ant, the thing for you to determine is what, if any,
was the fair cash value of those signs on the day
that the evidence discloses the Regent Theatre Co.
refused to deliver that property over to the plaintiff
corporation. That value, as I have also explained
to you, is not to be determined by the value of that
property as it is now annexed to the building, but it
is to be determined by the property being taken from
the building, what its value would be after it was
separated from the building now, if the claim of the
plaintiff in this case that those signs, when sepa-
rated from this building, have a substantial value,
that they could be sold as second-hand signs to peo-
ple desiring to use that sort of article.

''On the other hand, the defendant claims that
these articles were made especially for that build-
ing; that when separated from that building, they
had no cash value whatever, no resale value, in other
words they could not be used for anything except

junk. That is the issue for you members of the jury to determine from all the evidence in this case.''

A clear-cut issue of fact as to the value of the sign was presented to the jury, and it cannot well be said that the amount fixed by their verdict was against the great weight of the evidence.

We have not overlooked the other questions discussed by counsel for the defendant. On the record as here presented, we find no reversible error.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NOFTH, and FEAD, JJ., concurred.