WINDISCH *v.* MORTGAGE SECURITY CORP. OF AMERICA.

1. EQUITY—MAXIMS.
   One who seeks equity must do equity.

2. SAME—CORPORATIONS—LICENSES.
   Mortgagor is not entitled to cancel mortgage in equity on ground that mortgagee, a foreign corporation, was not licensed to do business in this State (2 Comp. Laws 1929, § 10118 *et seq.*), where his bill contains no offer to do equity.

3. CORPORATIONS—FOREIGN CORPORATIONS—LICENSES.
   That foreign corporation has carried on business in this State without being licensed does not under all circumstances bar it from obtaining legal redress in courts of this State.

4. USURY—MORTGAGES—CANCELLATION.
   Mortgagor not offering to do equity is not entitled to cancellation of mortgage on ground of usury.

5. MORTGAGES—FORECLOSURE—ADVERTISEMENT—NOTICE.
   In foreclosure of mortgage by advertisement under 3 Comp. Laws 1929, § 14427, mortgagors living on property are not entitled to actual notice; constructive notice by publication and posting notice on premises being sufficient.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 9, 1931. (Docket No. 57, Calendar No. 35,568.) Decided June 1, 1931.

Bill by William J. Windisch and another against Mortgage Security Corporation of America, a Virginia corporation, and others to set aside foreclosure proceedings and cancel a mortgage. Bill dismissed. Plaintiffs appeal. Affirmed.

*Bratton & Bratton,* for plaintiffs.

Right to cancellation of contract made with foreign corporation because it has not complied with the laws entitling it to do business within the State, see annotation in 21 L. R. A. (N. S.) 707.

*Sempliner, Dewey, Stanton & Bushnell (D. Neil Reid,* of counsel), for defendants.

NORTH, J. Appellants filed a bill of complaint in the circuit court of Wayne county, in chancery, wherein they sought to have the appellees restrained from making any claim to certain property by reason of a mortgage given thereon by appellants to the Mortgage Security Corporation of America, or by reason of the sheriff's sale incident to the foreclosure of such mortgage. The plaintiffs in the bill of complaint also seek cancellation of the mortgage and of the sheriff's deed given on foreclosure. Briefly the reasons set up in the bill of complaint in consequence of which the plaintiffs asserted the right to the relief prayed are that the Mortgage Security Corporation of America is a foreign corporation which was not and is not licensed under the statute to do business in Michigan (2 Comp. Laws 1929, § 10118 *et seq.*); that the mortgage was usurious; and that the foreclosure proceeding and sale were void because notwithstanding plaintiffs were living on the property involved, they were given no notice of the foreclosure proceeding. The defendants appeared and as a part of their answer moved to dismiss plaintiffs' bill of complaint on the ground that it contained no offer to do equity by way of offering repayment of money actually received incident to the loan and interest at the legal rate accrued thereon. Upon hearing this motion the plaintiffs elected to stand upon their bill of complaint as filed and declined to amend by embodying an allegation offering to do equity. The circuit judge granted defendants' motion to dismiss. The plaintiffs' appeal is now before us.

Plaintiffs are seeking equitable relief. It is needless to cite authorities to the effect that one who

seeks equity must do equity. Plaintiffs admit their indebtedness to the Mortgage Security Corporation of America to the amount of several thousand dollars advanced them as a mortgage loan, and that the mortgage (in the form of a trust deed) which they seek to have canceled was given as security. As noted, such cancellation is sought on the ground that the mortgagee was doing business in Michigan illegally and that the terms of the mortgage loan are usurious. Under the holdings in this State, plaintiffs cannot be granted relief which is so plainly inequitable and unconscionable. The mere fact that a foreign corporation has carried on business in this State without being duly licensed so to do does not under all circumstances bar it from obtaining legal redress in the courts of this State. *Rex Beach Pictures Co.* v. *Garson Productions,* 209 Mich. 692; *Hallet & Davis Piano Co.* v. *Droste,* 213 Mich. 381; *Mojonnier Bros. Co.* v. *Detroit Milling Co.,* 233 Mich. 312; *Lu-Mi-Nus Signs Co.* v. *Regent Theatre Co.,* 250 Mich. 535. We know of no authority which relaxes the rule that a plaintiff in equity must do equity simply because the defendant is a foreign corporation carrying on business without a license in the jurisdiction.

"Where it is sought to cancel a contract on the ground of the noncompliance of a foreign corporation with the laws entitling it to do business, the usual rule applies that he who seeks the cancellation of an instrument must restore what is received under it, and it has been held that in a case where a person has secured a loan from a noncomplying foreign corporation and has failed to pay the same as provided for by his contract, even though the corporation has failed to qualify as provided by law in order to entitle it to do business in the State, the borrower will not be heard in a court of equity

to admit the contract and the indebtedness, and at the same time prosecute his action to cancel the mortgage given to secure the indebtedness, simply because the corporation failed to comply with the statute in qualifying to do business." 12 R. C. L. p. 89.

"We can not assent to the proposition that a person can obtain another's money, upon the faith and assurance of a mortgage security, and, the next moment after securing and appropriating it, go into a court of conscience, and ask that court to cancel the security as a cloud on his title, still retaining the money, and making no offer to repay the money he has received, with lawful interest." *George* v. *New England Mortgage Security Co.,* 109 Ala. 548 (20 South. 331).

See, also, *Ross* v. *New England Mortgage Security Co.,* 101 Ala. 362 (13 South. 564); *Hanchey* v. *Southern Home Bldg. & Loan Ass'n,* 140 Ala. 245 (37 South. 272). To the same effect see *Tarr* v. *Western Loan & Savings Co.,* 15 Idaho, 741 (99 Pac. 1049, 21 L. R. A. [N. S.] 707 [note]); *Ray* v. *Home & Foreign Investment & Agency Co.,* 98 Ga. 122 (26 S. E. 56).

Plaintiffs' claim for relief on the ground of usury contravenes numerous holdings of this court.

"Usury statutes, being penal in character, must be strictly construed, and unless the statute takes away equitable rights it follows that they remain. He who asks equity must do equity." *Vandervelde* v. *Wilson,* 176 Mich. 185.

See, also, *McTavish* v. *Green,* 220 Mich. 606; *Stiglitz* v. *Weinstein,* 227 Mich. 691.

Appellants' contention that they were not in default when foreclosure was instituted is not sustained by the record. The remaining ground upon which appellants assert they are entitled to relief

is that, notwithstanding they were living on the property subjected to the foreclosure, "no notice of the said foreclosure proceeding was given or attempted to be given plaintiffs, or either of them." The answer to this contention is that the foreclosure was by advertisement under the statute which requires only publication and posting of notice on the premises. 3 Comp. Laws 1929, § 14427. Plaintiffs were not entitled to actual notice, but only the constructive notice specified in the statute. There is no showing of failure in the foreclosure proceeding to comply with the statutory requirements. See *Grand River Avenue Christian Church* v. *Berkshire Life Ins. Co., ante,* 480.

We find nothing in this record which relieves plaintiffs from offering to do equity as a condition of being granted equitable relief. The decree of the circuit judge dismissing the bill of complaint is affirmed, with costs to the appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.