SHEAHAN *v.* ATHENS GAS CORP.

SAME *v.* SAME.

1. CANCELLATION OF INSTRUMENTS—REMEDY OF GRACE AND NOT OF RIGHT—EQUITY.

Cancellation of lease is not remedy of right, but rather of grace, to be granted or withheld as equity of case requires.

2. SAME—OIL AND GAS LEASE—MINES AND MINERALS—EQUITY.
  Equity court will not lend its aid to cancel oil and gas lease
    held by innocent purchaser, where litigation is indirectly
    in control of third party who hopes to profit by its successful
    prosecution and secure lease for himself.

Appeal from Isabella; Hart (Ray), J. Submitted
October 29, 1931. (Docket No. 169, Calendar No.
35,958.) Decided April 4, 1932.

Separate bills by Albert Eugene Sheahan and
others and James A. Sheahan and another against
Athens Gas Corporation, a Delaware corporation,
and another to cancel an oil and gas lease. Cases
consolidated for trial. Bills dismissed. Plaintiffs
appeal. Affirmed.

*O'Keefe & O'Keefe,* for plaintiffs.

*Cross, Foote & Sessions,* for defendants.

NORTH, J. Plaintiffs Albert Eugene Sheahan and
Agnes Sheahan, husband and wife, are owners of the
fee in a farm containing substantially 100 acres
located in Vernon township, Isabella county, Mich-
igan. The plaintiffs James A. Sheahan and Mary
A. Sheahan, husband and wife, have a life estate in
this property. The plaintiffs, other than Mr. and
Mrs. James A. Sheahan, have a two-thirds interest
in the oil and gas on this property and in the royal-
ties received therefrom. On the 2d day of July,
1928, the plaintiffs James A. Sheahan and Mary A.
Sheahan signed a lease to the Athens Gas Corpora-
tion for the purpose of mining and operating for oil
and gas on this property, laying pipe lines, and
granting to the lessee certain other rights incident
thereto. A second lease between these parties of
substantially the same purport was dated July 2,

1928, but acknowledged May 9, 1929. On the 16th day of May, 1929, the Athens Gas Corporation assigned its interest as lessee to the Dixie Oil Company, a Louisiana corporation licensed in Michigan. By their bills of complaint plaintiffs seek cancellation of the lease. They allege that it was obtained through misrepresentation, fraud, and duress, and further, that at the time of its. execution the Athens Gas Corporation was a foreign corporation unlawfully doing business in Michigan in that it had not been licensed in said State, and plaintiffs claim that in consequence thereof the lease in suit is void under the statute (2 Comp. Laws 1929, § 10120).

The Athens Gas Corporation filed its application for permission to do business in this State March 16, 1929; but the certificate of authority so to do was not issued until May 16, 1929. In behalf of the defendants, it is claimed that the Athens Gas Corporation at the time of the consummation of this lease was not doing business in Michigan; that in any. event since it had already made an application which was subsequently granted it should not be held that the lease in question was taken in violation of the statute (2 Comp. Laws 1929, § 10120); that plaintiffs, in accepting rentals under the lease after it was assigned to the Dixie Oil Company and for other reasons, have estopped themselves from denying its validity in the hands of this company as assignee; and further, that it would be inequitable under the circumstances of this case to grant plaintiffs the relief sought.

Plaintiffs' claim that the lease was procured through misrepresentation, fraud, and duress seems to have been abandoned. At least it is not urged in this court. The trial judge dismissed plaintiffs' bill of complaint, holding (1) it was not proven that the

Athens Gas Corporation was doing business unlawfully in the State of Michigan at the time of entering into the lease, and (2) in any event the lease was binding upon plaintiffs after its assignment to the Dixie Oil Company. Plaintiffs have appealed.

The testimony as to the facts and circumstances upon which plaintiffs base their claim that on and before the date of the lease the Athens Gas Corporation was doing business in Michigan without being legally authorized is in decided conflict. The defendants claim the lease with plaintiffs and all the other leases in which the Athens Gas Corporation appeared to have an interest, with one exception, were secured by independent lease brokers, forwarded to the corporation's home office in Pittsburg, Pennsylvania, and there purchased by it if the particular lease as submitted seemed to be desirable; and further, that the lease here in suit was executed by the lessee at its home office in Pittsburg. However, since we find the case controlled by another phase of the record, it is not necessary to definitely review and pass upon the circuit judge's finding that the "Athens Gas Corporation was not, on May 9, 1929, doing business within the State of Michigan."

The decree dismissing plaintiffs' bill of complaint is clearly entitled to affirmance because this record discloses that the suit is entirely without equity. Plaintiffs seek cancellation. This remedy is not one of right; but rather one of grace, to be granted or withheld as the equity of the case requires. *Hathaway* v. *Hudson,* 256 Mich. 694.

"As in the case of specific performance, relief by way of cancellation lies within the sound discretion of the court, to be exercised according to what is reasonable and proper under the circumstances of each particular case." 4 R. C. L. p. 487.

See, also, 9 C. J. p. 1161, citing many cases, and 2 Story's Equity Jurisprudence, § 934.

This record disclosed that, prior to instituting the suit, one Edmund E. Johnston approached these plaintiffs and numerous other landowners who had entered into oil and gas leases of like character, induced them to sign contracts with him by which he undertook to institute litigation in the names of the respective landowners and secure cancellation of the outstanding leases; and, in the event of such relief being obtained, the gas and oil rights in the lands were to be leased to Johnston. Unexecuted forms of the Johnston lease were attached to the contracts. In each of these contracts Johnston recited that the lease he proposed to defeat "was obtained from the parties by trickery, deceit and misrepresentation." As to the Sheahan lease this recital was wholly false. This also appears to be the situation from the records filed in this court in companion cases. (See *Fetters* v. *Wittmer Oil & Gas Properties, ante,* 310; *Wild* v. *Pure Oil Co., post,* 356; *Flood* v. *Johnston, post,* 354.) This and other suits to carry out Johnston's scheme were instituted by him in the names of the various lessors. In the instant case there is no showing that the lessors were in any way dissatisfied with the lease until Johnston intermeddled and fostered this litigation. After acquiring this lease, the defendant Dixie Oil Company, with the full knowledge and consent of the plaintiffs, instituted and financed litigation to clear the title to plaintiffs' land. Further, plaintiffs accepted rentals from the Dixie Oil Company after it became the assignee of the original lessee. No offer is made to place defendants *in statu quo. Windisch* v. *Mortgage Security Corp.,* 254 Mich. 492. Johnston has had full control of the suit at bar, has paid all the expenses, and

is the person who hopes to profit by its successful prosecution in equity. Indirectly Johnston is in a court of equity attempting to obtain by irregular methods leases which the Dixie Oil Company as an innocent purchaser now holds. Equity does not encourage sharp practice. The remedy here sought by way of cancellation, not being a matter of right, equity will not lend its aid or grant relief. The decree entered in the circuit court is affirmed, with costs to appellees.

POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred with NORTH, J. CLARK, C. J., and McDONALD, J., concurred in the result.