BLAKE *v.* AMERICAN TRUST CO.

1. PLEADING—AMENDMENTS—CONSTRUCTION OF STATUTES.

The general statute of amendments is broad and is to be liberally construed (3 Comp. Laws 1929, § 14144 *et seq.*).

2. SAME—AMENDMENTS—DISCRETION OF COURT.

The right to permit amendments in accordance with the general statute pertaining thereto is vested in the sound judgment and discretion of the court (3 Comp. Laws 1929, § 14144 *et seq.*).

3. MORTGAGES—SETTING ASIDE FORECLOSURE—FAILURE OF CORPORATE MORTGAGOR TO FILE ANNUAL REPORT AND PAY FRANCHISE FEE.

Mortgagors are not entitled to have statutory proceedings to foreclose mortgage set aside on ground that corporate mortgagee had not filed its annual report and paid its franchise fee (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

4. CORPORATIONS—FOREIGN CORPORATIONS—COURTS.

The mere fact that a foreign corporation has carried on business in this State without being duly licensed so to do does not under all circumstances bar it from obtaining legal redress in the courts of this State (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

5. EQUITY—FOREIGN CORPORATIONS—LICENSE TO DO BUSINESS.

The rule that a plaintiff in equity must do equity is not relaxed simply because the defendant is a foreign corporation carrying on business without a license in the jurisdiction.

6. SAME—SETTING ASIDE FORECLOSURE BY CORPORATE MORTGAGEE IN DEFAULT ON ANNUAL REPORTS AND FRANCHISE FEE.

In suit to cancel statutory proceedings to foreclose a mortgage in which original bill alleged defendant mortgagee, a domestic corporation, had failed to file its annual report and pay privilege fee, answer was made in denial thereof, amended bill was filed which omitted allegations as to failure to file report and answer made thereto, trial court's refusal to permit amendment of amended bill during progress of the trial *held*, not an abuse of discretion where mortgage would still remain and bill fails to offer to do equity (3 Comp. Laws 1929, § 14144; Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Wayne; Chenot (James E.), J. Submitted April 10, 1940. (Docket No. 83, Calendar No. 41,073.) Decided June 3, 1940.

Bill by Jennie M. Blake against American Trust Company, a corporation, to cancel a foreclosure by advertisement and for an injunction. Cross bill by defendant against plaintiff to have the foreclosure declared valid and for foreclosure of a mortgage. Bill dismissed. Plaintiff appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Race, Haass & Allen* (*C. Redman Moon,* of counsel), for defendant.

POTTER, J.  Plaintiff filed a bill against defendant to set aside and cancel the foreclosure, at law, of a real estate mortgage. Plaintiff claimed that the foreclosure was for an amount greater than the amount owed by her, that there had been an illegal assignment of rents depriving her of the income from the property when she was in default under the mortgage, and that defendant had purchased certain of the bonds at a discount and failed to credit the difference between the purchase price and the face value of the bonds to plaintiff, the mortgagor.

But one question is involved, whether the court should have permitted the amendment to the bill of complaint asked for by plaintiff at the trial.

July 9, 1936, the original bill of complaint was filed. It was alleged (paragraph 4) that defendant, being a corporation organized for profit, was required to file with the secretary of State of the State of Michigan or with the commissioner of corporations and securities of the State of Michigan an annual report, in duplicate, and to pay a privilege fee. The bill of complaint further alleged:

"5. Plaintiff shows, however, that contrary to the provisions of said statute, defendant neglected or re-

fused to file said annual report for the year 1933, which was due under the terms of said statute not later than August, 1934, until March 23, 1936, nor did it pay the privilege fee required by said statute until that time; nor did it file said reports for the years 1934 and 1935, nor pay the required privilege fee, in either case, until the said date of March 23, 1936.

"6. Plaintiff further shows that Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933, provides that if any corporation such as defendant neglects or refuses to make and file such annual reports and/or pay any fees required and shall continue in default for 10 days, its corporate powers will be suspended thereafter until it shall file such reports and pay such fee; wherefore, plaintiff charges that the corporate powers of defendant corporation were suspended from September 10, 1934, to March 23, 1936."

Defendant answered this bill of complaint admitting the allegations contained in paragraph 4, and answered paragraphs 5 and 6 as follows:

"5. Answering paragraph 5 of plaintiff's bill of complaint, this answering defendant denies that it neglected or refused to file an annual report for the year 1933 until March 23, 1936, and denies that it did not pay the privilege fee required by said statute until March 23, 1936, and alleges the fact to be that it filed with the secretary of State prior to September 1, 1933, its annual report for the year 1933, and paid the filing fee thereon, and it denies that it did not file reports for the years 1934 and 1935 until March 23, 1936.

"Further answering said paragraph 5, this answering defendant alleges that it did file its annual report for the years 1933, 1934 and 1935 within the time required by the statute, and that the time for paying the franchise fees upon each of said reports was from time to time extended by the secretary of

State up to and including the 1st day of March, 1936, and that it did on the 18th day of March, 1936, pay the balance due upon its franchise fees for the years 1933, 1934, and 1935.

"6. Answering paragraph 6 of plaintiff's bill of complaint, this answering defendant denies that the corporate powers of defendant corporation were sus-pended from September 10, 1934, to March 23, 1936, and alleges the fact to be that reports for all of said years were filed within the time required by the statute, and the time for paying the franchise fees were from time to time extended by the secretary of State, and all of said franchise fees for the years 1933, 1934, and 1935 were paid by this defendant on or before the 18th day of March, 1936."

Later, July 20, 1936, an amended bill of complaint was filed, and an amended answer was filed July 21, 1936. In neither the amended bill of complaint nor the answer were any allegations made as to the facts alleged in paragraphs 5 and 6 of the original bill of complaint and the answer thereto.

The matter was brought on for hearing before the trial court and during the progress of the trial plaintiff made a motion to amend the bill of complaint to reaffirm the allegations contained in paragraphs 5 and 6 of her original bill of complaint which had been omitted from the amended bill of complaint. This motion to amend was denied by the trial court.

The general statute of amendments provides:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceedings shall disregard any error or defect in the proceed-

ings, which do not affect the substantial rights of the parties." 3 Comp. Laws 1929, § 14144 (Stat. Ann. § 27.838).

The general statute of amendments (3 Comp. Laws 1929, § 14144 et seq. [Stat. Ann. § 27.838 et seq.]), is broad and is to be liberally construed. Peacock v. Railway Co., 208 Mich. 403 (8 A. L. R. 964); La-Plante v. DuPont, 223 Mich. 343 (31 A. L. R. 694, 23 N. C. C. A. 1); Wabash R. Co. v. Marshall, 224 Mich. 593; Gillen v. Wakefield State Bank, 246 Mich. 158. This language was approved in Johnson v. Fremont Canning Co., 270 Mich. 524, 528. The right to permit amendments in accordance with the statute is vested in the sound judgment and discretion of the trial court.

By the language of the original bill of complaint it appears that defendant neglected or refused to file its annual report for 1933 and did not pay the privilege fee required by statute at that time, nor did it file its annual reports for 1934 and 1935, and plaintiff claims defendant's corporate powers were suspended from September 10, 1934, to March 23, 1936.

Plaintiff's grantors executed a real estate mortgage upon the lands in question to secure the repayment of $23,700 loaned. $17,100 in principal was claimed to be due which, with interest, amounted to $21,347.05 at the time the suit was tried. There was no offer to pay this amount or any part of it. If plaintiff succeeded in setting aside the mortgage foreclosure, at law, she would still be liable for the amount due on the mortgage. Plaintiff's grantors received the money. They cannot ask that the mortgage foreclosure proceedings be declared a nullity and that the mortgage foreclosure be cancelled, set aside and held for naught and void on the ground the mortgagee had not filed its annual report and paid its franchise fee.

There is nothing in the bill of complaint which offers to do equity. Under the holdings in this State, plaintiff cannot, therefore, be granted relief. The mere fact that a foreign corporation has carried on business in this State without being duly licensed so to do does not under all circumstances bar it from obtaining legal redress in the courts of this State. *Rex Beach Pictures Co.* v. *Harry I. Garson Productions,* 209 Mich. 692; *Hallet & Davis Piano Co.* v. *Droste,* 213 Mich. 381; *Mojonnier Brothers Co.* v. *Detroit Milling Co.,* 233 Mich. 312; *Lu-Mi-Nus Signs Co.* v. *Regent Theatre Co.,* 250 Mich. 535. We know of no authority which relaxes the rule that a plaintiff in equity must do equity simply because the defendant is a foreign corporation carrying on business without a license in the jurisdiction. *Windisch* v. *Mortgage Security Corporation of America,* 254 Mich. 492. Attached to *Tarr* v. *Western Loan & Savings Co.,* 15 Idaho, 741 (99 Pac. 1049), in 21 L. R. A. (N. S.) 707, is an exhaustive note upon this subject, and in *Tarr* v. *Western Loan & Savings Co., supra,* 750, it is said:

"It is necessary for us to make some observations as to the condition of the pleadings in this action. In the first place, the appellants filed their complaint praying for a cancellation of the mortgage on the ground that it was void because of the noncompliance of the defendant corporation with the statute. That kind of action cannot be maintained by the appellants. They cannot be heard to come into a court of equity admitting the receipt of the money and the indebtedness and asking for a cancellation of the mortgage merely on account of the noncompliance by the corporation with the foreign corporation statutes of this State. Those who seek equity must first do equity."

While this case and *Windisch* v. *Mortgage Security Corporation of America, supra,* arose under statutes

applicable to foreign corporations, we can see no reason why, under the general principles of equity, the same rule does not apply to domestic corporations. While the amendment might have been granted, we do not think the trial court abused his discretion in refusing to permit the amendment, the power to grant which is vested in the sound judgment and discretion of the court.

Decree affirmed, with costs.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.